UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S & P INVESTMENT GROUP, LLC,

                Plaintiff,

         v.

KINGDOM MATERIALS HOLDINGS LLC, *et al.*,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

20-CV-2112 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    S & P Investment Group, LLC, brings this action against two related corporate entities, Kingdom Materials Holdings LLC ("KMH") and Kingdom Resources LLC, as well as one individual, Michael Blubaugh, for various claims arising from a 2017 contract between the parties. KMH has filed two concurrent motions: a motion to dismiss for lack of personal jurisdiction and a motion to transfer this suit to the District Court for the Northern District of Texas. For the reasons explained below, the motion to dismiss is denied, but the motion to transfer is granted.

## BACKGROUND[1]

    Plaintiff S & P Investment Group, LLC, is a limited liability company organized under the laws of Delaware and with its principle place of business in New York City. Compl. ¶ 1. Defendant KMH is a limited liability company organized under the laws of Wyoming and with its principle place of business in Irving, Texas. *Id.* ¶ 2. Defendant Kingdom Resources LLC is a limited liability company

---

[1] The Court draws the following facts from the Complaint and the affidavits of Vincent Palmieri ("Palmieri Affidavit") and Dustin Levine ("Levine Affidavit"), Dkt. 16 Exhibits 1–2, submitted by Plaintiff with its opposition to the motion to dismiss. *See CMNY Capital, L.P. v. Perry*, 1998 U.S. Dist. LEXIS 3523, 1998 WL 132846, at *1 (S.D.N.Y. Mar. 23, 1998) ("Because a motion to dismiss for lack of personal jurisdiction is inherently a matter requiring the resolution of factual issues outside of the pleadings . . . all pertinent documentation submitted by the parties may be considered in deciding the motion." (internal citations omitted)).

organized under the laws of Texas and with its principle place of business in Irving, Texas. *Id.* ¶ 3. Defendant Michael Blubaugh also resides in Irving, Texas. *Id.* ¶ 5.

In August 2017, Plaintiff and Defendants entered into a note purchase agreement in which Plaintiff lent Defendants an original principal sum of $250,000, to be paid in full with fifteen percent interest upon the note's maturity date, which was September 21, 2017. *Id.* ¶¶ 8–9, 23. That same date, Defendants agreed to retain Plaintiff as a business consultant for an additional $100,000. *Id.* ¶ 13. As collateral for the loan, Defendants pledged three pieces of construction equipment. *Id.* ¶ 17. They filed a UCC-1 Financing Statement with the Texas Secretary of State, documenting the transaction and recording the collateral. *Id.* Exhibit D. The contract between the parties was entered into remotely, with all communications between the parties occurring by telephone and email. Palmieri Affidavit ¶ 7.

Defendants allegedly breached the contract by failing to make any payment by the note's maturity date. *Id.* at ¶ 23, 27. Following this alleged breach, Plaintiff sent Defendants multiple written communications via email and certified mail. On January 16, 2020, Plaintiff sent an email requesting information about the location of the collateral. Complaint at ¶ 18 & Exhibit E. On January 29 and February 13, Plaintiff sent a second and third letter about the collateral, this time through certified mail. *Id.* at ¶¶ 19–20 & Exhibits F–G. On September 12, 2020 and September 20, 2020, Plaintiff sent two demand letters through certified mail, demanding Defendants make payment in full. *Id.* at ¶ 24 & Exhibit H; *id.* at ¶ 25 & Exhibit I. These letters were sent to Defendants' office in Texas. There is no evidence that Defendants ever responded.

On March 9, 2020, Plaintiff filed suit against Defendants in this Court, alleging breach of contract, fraud, unjust enrichment, conversion, breach of implied covenant of good faith and fair dealing, and negligent misrepresentation. *Id.* at ¶¶ 33–60.

**ANALYSIS**

**I.     This Court Lacks Personal Jurisdiction Over KMH**

In a diversity action such as this, courts conduct a two-part analysis to determine whether personal jurisdiction over the defendant exists. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). "First, [the court] must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Id*. Here, the answer to both questions is no.

New York's long arm statute, N.Y. C.P.L.R. § 302, provides for personal jurisdiction over non-domiciliary defendants in a limited number of circumstances. Section 302(a)(1) provides for jurisdiction if (a) the defendant transacted business in New York and (b) the claim arises from that business activity. *Int'l Customs Assocs. v. Ford Motor Co.,* 893 F. Supp. 1251, 1259 (S.D.N.Y. 1995) (citing *CutCo Indus. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)). Section 302(a)(2) provides for jurisdiction if the defendant commits a tort within the state, but only if the defendant "was physically present in New York when he performed the wrongful act." *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997). Section 302(a)(3) provides for jurisdiction for torts that occur outside of New York, but only if the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state." N.Y. C.P.L.R. § 302(a)(3). Although Plaintiff did not specify under which provision of § 302 it believes jurisdiction to exist, in light of its allegations, the Court assumes that it intended to assert jurisdiction under § 302(a)(1) alone.

To find that it has jurisdiction under § 302(a)(1), a court must conclude that the defendant transacted business in New York. *Shalik v. Coleman*, 111 A.D.3d 816, 817 (2d Dep't 2013). Although transacting business does not require physical presence, it does require "purposeful availment" of the

3

forum, demonstrated when either "the locus of contracting or performance is New York or the defendant projects itself into New York for the purpose of creating a business relationship." *Madison Capital Mkts., LLC v. Starneth Europe B.V.*, No. 15-CV-7213 (RWS), 2016 U.S. Dist. LEXIS 112687, *24 (S.D.N.Y. Aug. 23 2016) (citing *Agency Rent a Car Sys. v. Grand Rent a Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996)). Here, Plaintiff has not pled sufficient facts to support a finding that KMH transacted business in New York.

The decision in *Rosenblatt v. Coutts & Co. AG* is illustrative. *See* 17-CV-3528 (AKH), 2017 U.S. Dist. LEXIS 128942, 2017 WL 3493245 (S.D.N.Y. Aug. 14 2017), *aff'd* 750 F. App'x 7 (2d Cir. 2018). In that case, the New York-based plaintiff entered into a mortgage agreement with the Switzerland-based defendant, using as collateral the plaintiff's property in Switzerland. *Id.* at *1–2. The defendant had no offices, operations, or employees in New York, though it had mailed documents to the plaintiff at its New York address. *Id.* at *4. All negotiations occurred remotely through email or by phone. *Id.* *3. The court concluded that it lacked personal jurisdiction over the defendant, noting that "[t]o the extent there is *any* connection between [the defendant] and New York, that connection was solely a function of [the plaintiff's] decision to reside there." *Id.* at *10 (emphasis in original). As the court recognized, "a plaintiff 'cannot be the only link between the defendant and the forum,' for 'it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.'" *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

The facts of the instant case mirror those in *Rosenblatt*. KMH is not alleged to have any offices, operations, or employees in New York; it contracted with Plaintiff solely by email and phone; and the only physical property at issue—the collateral—is in Texas. Compl. ¶¶ 2, 17 & Exhibit D; Palmieri Affidavit ¶ 7. Beyond the fact that KMH entered into a contract with a New York based entity, the only evidence tying KMH to New York is a single, unsubstantiated statement in the declaration of Plaintiff's affiant Vincent Palmieiri, who asserts that KMH "affirmatively and routinely transacts business in the

4

state of New York." Palmieri Decl. ¶ 4. This unsupported allegation alone is insufficient to find purposeful availment of the forum. *See Socialist Workers Party v. Attorney Gen. of United States*, 375 F. Supp. 318, 322 (S.D.N.Y. 1974) ("[I]n order for a plaintiff to subject an out-of-state defendant to jurisdiction in New York, it is necessary to do more than put forward an unsupported allegation. The plaintiff must come forward with some definite evidentiary facts to connect the defendant with transactions occurring in New York.").

Even if KMH were amenable to service of process under New York law, the Court's exercise of jurisdiction here would not comport with due process. To satisfy the due process element of the test for personal jurisdiction, courts ask whether a party has sufficient "minimum contacts" with the jurisdiction. *Metro. Life Ins. Co.*, 84 F.3d at 567 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). What constitutes sufficient minimum contacts differs depending on whether the plaintiff alleges the court has general or specific personal jurisdiction over the defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014).

When general personal jurisdiction is alleged, the question for a corporate defendant is "whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 139 (internal quotation marks omitted). Here, such continuous and systematic affiliations have not been adequately alleged. KMH is incorporated in Wyoming with its principle place of business in Texas. Compl. ¶ 2. And for the reasons stated above, Palmieri's unsubstantiated claim that KMH "routinely transact[s] business" in New York, Palmieri Decl. ¶ 4, is insufficient to establish that KMH is "essentially at home" in New York. *See Great Western Ins. Co. v. Graham*, No. 18-CV-6249 (VSB), 2020 U.S. Dist. LEXIS 109330, 2020 WL 3415026, *11 (S.D.N.Y. June 22, 2020) (concluding that the plaintiff "f[ell] far short of" showing that the defendant was "'essentially at home' in New York" when the plaintiff's only evidence was its own unsupported statement).

When specific jurisdiction is alleged, courts inquire as to whether the litigation concerns "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson* v. *Denckla*, 357 U.S. 235, 253 (1958). But as in *Rosenblatt*, Plaintiff has not plausibly alleged that KMH purposefully availed itself of the privilege of conducting activities within New York. *See supra*.

For these reasons, the Court concludes that it is without personal jurisdiction over KMH.

### II. Transfer to the District Court for the Northern District of Texas is Appropriate Here

But this Court need not dismiss the action. Instead, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See also In re Ski Train Fire in Kaprun, Aus.*, 257 F. Supp. 2d 717, 733 n.28 (S.D.N.Y. 2003) (noting that courts permit transfer under § 1404 to cure a want of personal jurisdiction). Here, this suit could have been brought in the United States District Court for the Northern District of Texas. Texas has general personal jurisdiction over KMH because its principle place of business is located there. Compl. ¶ 2; see *Daimler AG*, 571 U.S. at 137 ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"). Venue is proper in the Northern District of Texas for the same reason. *See* 28 U.S.C. § 1391(c)(2) ("[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."). Furthermore, evidence relevant to this litigation is purportedly located in Texas. *See* Compl. ¶¶ 18–20 (asserting that Plaintiff sent multiple letters to Defendants' office in Texas concerning the location of the collateral); *id*. ¶¶ 24–25 (alleging that Plaintiff sent multiple letters to Defendants' office in Texas demanding payment); *id*. ¶ 17 & Exhibit D (referencing Defendants' filing of a UCC-1

6

Financing Statement with the Texas Secretary of State detailing the collateral it offered for the loan). The Court thus finds that transfer to the Northern District of Texas is appropriate.[2]

Finally, although neither Kingdom Resources LLC nor Blubaugh is a party to this motion, the Court finds transfer of the claims against them to be appropriate as well. Both are residents of Texas and do not opposed the motion. Therefore, "to preserve the basic fabric of this case, the claims as against these defendants likewise will be transferred." *Prospect Capital Corp. v. Bender*, No. 09-CV-826 (HB), 2009 U.S. Dist. LEXIS 119013, 2009 WL 4907121, at *1 n.4 (S.D.N.Y., Dec. 21, 2009).

## CONCLUSION

Accordingly, KMH's motion to dismiss for lack of jurisdiction is DENIED, but its motion to transfer is GRANTED. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 11, and to transfer this case to the District Court for the Northern District of Texas.

SO ORDERED.

Dated:   February 10, 2021
         New York, New York

                                              RONNIE ABRAMS
                                              United States District Judge

---

[2] KMH further contends that transfer is proper under a forum selection clause entered into by the parties. Dkt. 11 at 3. Because the Court finds that transfer is warranted under 28 U.S.C. § 1404(a), it need not address this argument.

7